**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Snyder, | No. CV-19-05071-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| David Starr, et al., | |
| Defendants. | |

In August 2019, Plaintiff initiated this action by filing a *pro se* complaint (Doc. 1) and an application to proceed *in forma pauperis* ("IFP") (Doc. 2). The Court granted the IFP application but, after screening the complaint under 28 U.S.C. § 1915(e)(2), dismissed the complaint with leave to amend. (Doc. 7.) Plaintiff then filed a first amended complaint ("FAC") that names one defendant, Kelly Schaffer ("Schaffer"). (Doc. 8.) Schaffer is identified as having "a permanent residence in Illinois" and being "solely domiciled there for over 55 years." (*Id.* ¶ 2.)

On February 27, 2020, the Court issued an order concluding the FAC was sufficient to pass the screening stage. (Doc. 9.) Additionally, in light of Plaintiff's IFP status, the Court ordered that "service of the summons and complaint shall be at government expense on the defendant by the U.S. Marshal." (*Id.* at 1.) The docket reflects that, in March 2020, Plaintiff provided a service packet to the U.S. Marshal's Service ("USMS") pertaining to Schaffer.

Unfortunately, due to the outbreak of the COVID-19 pandemic, the USMS has been

unable to serve Schaffer in Illinois. *See generally Tyler v. Maggio*, 2020 WL 3035215, *4 (E.D.N.Y. 2020) (noting that "Administrative Order No. 2020-12 suspends the service of process by the Marshals during the current national COVID-19 emergency"). When faced with this situation, some courts have issued a stay until the USMS's service efforts resume. *Id.* ("[T]he Court directs the Clerk of Court to stay service by the Marshals . . . . Once service of process is reinstated, the Marshals shall serve the Summons, Complaint, and this Memorandum and Order on [the defendants]."). Other courts have required the IFP litigant to complete service. *Zappin v. Cooper*, 2020 WL 1700254, *1 (S.D.N.Y. 2020) ("Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. But, in light of the difficulties with service of process caused by the outbreak of COVID-19 (coronavirus), the Court directs the Clerk of Court to issue electronic summonses to Plaintiff as to [the defendants]. Plaintiff is directed to serve the summonses and complaint on each Defendant within 90 days of the issuance of the summonses.").

Because this case has already been pending for nearly a year, the Court is disinclined to inject any further delay into the proceedings. Thus, the Court will direct the Clerk of Court to issue an electronic summons to Plaintiff as to Schaffer. Plaintiff need not, however, attempt to personally serve Schaffer in Illinois. Instead, Plaintiff must attempt to serve Schaffer by mailing the summons, as well as a copy of the FAC, to Schaffer's known address in Illinois, utilizing postage-prepaid mail that requires a signed and returned receipt. After the post office returns the signed receipt, Plaintiff must file an affidavit with the Court verifying (1) that Schaffer is known to be located outside Arizona but within the United States, (2) that Plaintiff mailed the summons and a copy of the FAC to Schaffer by postage-prepaid mail that requires a signed and returned receipt, (3) that Plaintiff received a signed return receipt, and (4) the date of receipt by Schaffer.[1] Plaintiff must attach the

---

[1] *See* Fed. R. Civ. P. 4(e)(1) ("Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."); Ariz. R. Civ. P. 4.2(c)(1) ("If a serving party knows the address of the person to be served and the address is outside Arizona but within the United States, the party may serve the person by mailing the

signed return receipt to the affidavit.

If Plaintiff is unable to serve Schaffer in the method described above, Plaintiff shall file a notice summarizing her efforts.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall issue an electronic summons to Plaintiff as to Schaffer.

**IT IS FURTHER ORDERED** that, by **August 10, 2020**, Plaintiff shall (1) serve Schaffer by mail in accordance with this Order and file the affidavit and signed return receipt discussed above or (2) file a notice summarizing Plaintiff's efforts.

**IT IS FURTHER ORDERED** that if Plaintiff does not file the required affidavit or notice by **August 10, 2020**, the Clerk of Court shall terminate this action.

Dated this 9th day of July, 2020.

_____
Dominic W. Lanza
United States District Judge

Cc: USMS

---

summons and a copy of the pleading being served to the person at that address by any form of postage-prepaid mail that requires a signed and returned receipt.").